**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DALTON CROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 07-0092 (FSH) |
| | : | |
| v. | : | |
| | : | |
| PASSAIC COUNTY SHERIFF'S | : | **O P I N I O N** |
| DEPARTMENT/JAIL, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Dalton Crooks, <u>Pro</u> <u>Se</u>
#181836
Hudson County Correctional Center
A3E
35 Hackensack Ave.
Kearny, NJ 07032

**HOCHBERG, District Judge**

Plaintiff, Dalton Crooks, currently incarcerated at the
Hudson County Correctional Center, Kearny, New Jersey, seeks to
bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, alleging violations of his
constitutional rights pursuant to 42 U.S.C. § 1983.  At this
time, the Court must review the complaint pursuant to 28 U.S.C.
§§ 1915(e) and 1915A to determine whether it should be dismissed
as frivolous or malicious, for failure to state a claim upon
which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue the "Passaic County Sheriff's Department/Jail."  He states that on June 8, 2006, he was on the upper bunk in his cell in the Passaic County Jail and fell off, causing him to dislocate his right shoulder.  Plaintiff states that prior to the incident, he had informed jail staff of his "medical problems" and had requested a lower bunk.

Plaintiff also states that after the incident he was taken to the emergency room where he was informed that his shoulder would heal in six to eight weeks, and that he should go back for a follow up visit within four weeks.  Plaintiff was never taken back for a follow up and he still has pain in his shoulder.

Plaintiff asks for monetary relief.

## DISCUSSION

### A.    Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are

2

routinely dismissed as legally frivolous." <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id</u>.

However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to § 1915(e)(2)).

B.   **42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff's Complaint Will Be Dismissed.**

To begin, the "Passaic County Sheriff's Department/Jail," described by Plaintiff as the "County Jail" is not a proper defendant in this § 1983 cases, because it is not a "person." See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(stating that New Jersey Department of

4

Corrections and state prison facilities not "persons" under §
1983); <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271,
274 (D.C. Pa. 1976); <u>see</u> <u>also</u> <u>Marsden v. Federal BOP</u>, 856 F.
Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity
amenable to suit under 42 U.S.C. § 1983); <u>Powell v. Cook County
Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail
not a "person" under § 1983); <u>McCoy v. Chesapeake Correctional
Center</u>, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not
a "person" under § 1983).

Plaintiff must name as a defendant someone with personal
involvement in the actions of which he complains.  "A defendant
in a civil rights action must have personal involvement in the
alleged wrongs, liability cannot be predicated solely on the
operation of <u>respondeat</u> <u>superior</u>.  Personal involvement can be
shown through allegations of personal direction or of actual
knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d
1195, 1207 (3d Cir. 1988) (citations omitted).  <u>Accord</u> <u>Robinson
v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997);
<u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

If Plaintiff does not know the exact identity of the proper
defendants who were personally involved in the alleged violations
against him, he may plead "John Doe" and/or "Jane Doe" as
defendants.  Courts within this circuit have permitted
"fictitious-defendant pleading." <u>See</u> <u>Rolax v. Whitman</u>, 175 F.

Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137
F.3d 148, 155 (3d Cir. 1998))(other citations omitted), aff'd, 53
Fed. Appx. 635 (3d Cir. 2002).  The use of fictitious defendants
is permitted until the plaintiff has had an opportunity to
conduct discovery.  See White v. Fauver, 19 F. Supp.2d 305, 312
n.8 (D.N.J. 1998).  However, "fictitious parties must eventually
be dismissed, if discovery yields no identities." Hindes v.
F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998).

     Because Plaintiff has not named proper defendants in this
action, his complaint will be dismissed, without prejudice.
Plaintiff may file a motion to reopen by submitting an amended
complaint in accordance with the attached Order.

<u>**CONCLUSION**</u>

     Based on the foregoing, Plaintiff's complaint will be
dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7
(stating that with a complaint that makes "little sense,"
District Court could have dismissed complaint without prejudice,
to permit Plaintiff to amend the complaint to make it plain).
The Court notes that "generally, an order which dismisses a
complaint without prejudice is neither final nor appealable
because the deficiency may be corrected by the plaintiff without
affecting the cause of action." Martin v. Brown, 63 F.3d 1252,
1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532
F.2d 950, 951 (3d Cir. 1976)).  In this case, if Plaintiff can

correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.


                                   /s/ Faith S. Hochberg
                                   United States District Judge

Dated:  March 26, 2007