UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


**Honorable Patty Shwartz**　　　　　　　　　U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**　　　　　　Federal Square, Newark, NJ  07101
　　　　　　　　　　　　　　　　　　　　　　　　　　(973) 645-6596


July 23, 2007

### LETTER OPINION AND ORDER

Dalton Crooks, pro se
Hudson County Correctional Center
35 Hackensack Ave.
Kearney, NJ 07032


　　**RE: Crooks v. Passaic County Sheriff's Dept./Jail**
　　**Civil Action No. 07-0092 (FSH)**

Dear Litigants:

　　The Court is in receipt of plaintiff Dalton Crooks' request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), filed June 29, 2007.  For the reasons set forth below, the plaintiff's request is denied.

### BACKGROUND

　　On August 8, 2006, plaintiff filed a Complaint alleging a violation of his civil rights and an application to proceed in forma pauperis ["IFP"].  On March 27, 2007, the Honorable Faith S. Hochberg dismissed the plaintiff's Complaint without prejudice.  See Order dated March 27, 2007.  On May 3, 2007, the plaintiff filed an Amended Complaint and, based on this filing, Judge Hochberg reopened the case and granted IFP.  See Order dated May 22, 2007.  In his Amended Complaint, the plaintiff alleges that between February 15, 2006 and approximately June 15, 2006 the defendants violated his civil rights when they refused to provide accommodation and treatment for an injury to his hand that he suffered before being incarcerated.  See Compl. at ¶ 6.  The plaintiff claims that he told the defendants that his hand injury that occurred before his arrest made him physically unable to climb onto or stabilize himself on his upper bunk bed, but the defendants ignored his multiple request for a lower bunk bed.  Id.  The plaintiff further alleges that on June 8, 2006, he fell from his upper bunk bed and separated his right shoulder, and that had the defendants accommodated his original injury, he would not have suffered the second injury.  Id.  Finally, the plaintiff claims that the defendants further violated his civil rights when they again refused to accommodate his injury by providing a lower bunk bed.  Id.

On June 29, 2007, the plaintiff filed this application for the appointment of counsel. See Docket Entry No. 9. In his application, plaintiff argues that he is entitled to counsel because: (1) he lacks the ability to represent himself and is unfamiliar with the law and Court rules; and (2) he is unable to retain and afford counsel due to his incarceration. See App. for Counsel at 3-4.

**DISCUSSION**

There is no constitutional or statutory right to appointed counsel for indigent civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts have broad discretion in determining whether the appointment of counsel is appropriate. 28 U.S.C. § 1915 (c)(1); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

In considering a request for appointment of counsel, the Court must first assess the threshold matter of "...whether the claimant's case has some arguable merit in fact and law." Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002). If the applicant satisfies this threshold requirement, then the Court should consider the following factors:

(1) the plaintiff's ability to present his case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
(4) the extent to which a case is likely to turn on credibility determinations;
(5) whether the case will require testimony from expert witnesses; and
(6) the plaintiff's capacity to retain counsel on his own behalf.

Tabron, 6 F.3d at 156-57. The decision to appoint counsel "must be made on a case-by-case basis." Id. Assuming for the purposes of this application that plaintiff's claims have merit, the Court must apply the Tabron factors to the case.

First, the Court must consider whether or not the plaintiff has the ability to present his own case. Generally, courts can consider the plaintiff's education, literacy, prior work experience, and prior litigation experience, as well as plaintiff's ability to understand English. Id. at 156. Here, the plaintiff's complaint and application for appointed counsel demonstrate that he is literate and able to articulate his claims and requests for relief. His submissions are coherent and understandable, which demonstrates that the plaintiff can express his claims and the factual basis for them. Indeed, after his Complaint was dismissed the plaintiff was able to cure the deficiency and convince Judge Hochberg to reopen his case.

Second, the complexity of this case does not warrant the appointment of counsel. The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (citing to Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). Here, the plaintiff alleges his civil rights were violated when the defendants refused to provide him with

certain accommodations, namely a lower bunk bed that he contends could have prevented further injury to his injured arm.  The plaintiff's civil rights claims do not present any complex legal issues.  Rather, they arise out of a well developed body of case law.  Moreover, the plaintiff's factual allegations are straightforward.  Therefore, plaintiff's case does not involve a level of complexity that requires representation by a lawyer.  Accordingly, this factor weighs against the appointment of counsel.

Third, although the plaintiff is incarcerated, he is able to conduct fact investigation using the discovery tools made available to him under the Federal Rules of Civil Procedure.  Id. (stating "[t]he court may...consider the extent to which prisoners and other suffering confinement may face problems in pursuing their claim [such as] where the claims are likely to require extensive discovery and compliance with complex discovery rules.").  Plaintiff has not described any particular challenges to his ability to conduct discovery.  This factor, therefore, militates against appointment of counsel.

Fourth, the Court must consider whether or not a case is likely to turn on credibility determinations.  Id.  "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest."  See Parham, 126 F.3d at 460.  The extent to which this case will rest on credibility determinations is not yet apparent.

Fifth, the Court may appoint counsel where the case will require expert testimony.  Tabron, 6 F.3d at 156.  Plaintiff's alleged injury involves a separated shoulder and associated pain and suffering, both of which would be apparent to a lay person.  Therefore, expert testimony is not essential to the plaintiff's ability to present his case.  See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.").  As such, this factor weighs against appointment of counsel.

Sixth, plaintiff's inability to pay for counsel is an insufficient reason to appoint counsel.  Although the plaintiff was granted in forma pauperis status, and has, therefore, been found to be unable to pay filing fees,  See Montgomery, 294 F.3d at 505; Parham, 126 F.3 at 461, and while indigence is a prerequisite for the appointment of counsel, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.  Moreover, the plaintiff has not described any attempt to retain counsel on his own.  Thus, appointment of counsel is not appropriate at this time.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel [Docket Entry No. 9].

                            **SO ORDERED.**

                            s/Patty Shwartz
                            United States Magistrate Judge